# CHARLESTON.

Sperry & Hutchinson Co. v. Melton, Sheriff.

Submitted September 9, 1909.   Decided April 11, 1911.

1. Licenses—*Selling Trading Stamps—Power of Legislature.*
   The Legislature has power to select and tax the business of issuing and redeeming trading stamps. (p. 125).

2. Same—*Reasonableness—Presumptions.*
   Every presumption is in favor of the reasonableness of a tax laid by the Legislature; only strong considerations can avail to overthrow the tax. (p. 126).

3. Constitutional Law—*Dealing in Trading Stamps.*
   The license tax on the business of selling trading stamps to merchants, or of redeeming such stamps with money or goods, imposed by Code 1906, chapter 32, sections 2 and 101, is not forbidden by any provision of the State Constitution or the Fourteenth Amendment to the Federal Constitution. (p. 128).

Appeal from Circuit Court, Kanawha County.

Bill by the Sperry & Hutchinson Company against John J. Melton, Sheriff.   Decree for defendant, and plaintiff appeals.

*Affirmed.*

*Chilton, MacCorkle & Chilton* and *John Hall Jones,* for appellant.

*T. C. Townsend* and *William G. Conley,* for appellee.

Robinson, Judge:

The Legislature has deemed it proper to prescribe that a license tax of five hundred dollars shall be paid on the business of selling to merchants "trading stamps, premium stamps, or stamps or certificates of like nature or character," and on the business of redeeming such stamps or certificates in money or goods.   Code 1906, chapter 32, sections 2 and 101.   The plaintiff is engaged in the business of redeeming trading stamps which it issues to merchants.   It complains that this license tax assessed against it, for the county of Kanawha, prevents it from making any profit on the business which it conducts in the city of

Charleston. It contends, therefore, that the tax is illegal and void. The plaintiff does not present a case showing that the tax is prohibitive of the trading stamp business. The case it does present merely shows that it cannot conduct the business in Charleston at a profit after paying the tax.

Has the plaintiff thus shown the tax to be an illegal one? In considering the question it is unnecessary to inquire whether the business of the plaintiff is within the police power and subject to regulation thereunder. A great part of the plaintiff's brief is devoted to that point. The trend of the decisions is that the trading stamp business is not one subject to control under the police power of the state. A recent review of the cases may be found in *State ex rel. Attorney General* v. *Sperry & Hutchinson Co.*, 110 Minn. 378. See also, case notes, 1 Ann. Cas. 47, and 12 Ann. Cas. 521. But at the present time we need not express an opinion on this point. Though the business may not be within the police power, the state unquestionably has the right to tax it justly. The Legislature has prescribed a license tax for the carrying on of many lines of business that do not directly relate to the public health, safety or morals. Such, for example, are the license taxes on vendors of patent rights, on junk dealers, on traveling vendors of sewing machines and musical instruments, and on the owners of trading houseboats. It is entirely legitimate to tax a privilege, business or occupation. Of course there must be reasonable classification, and no unjust discrimination. The tax must be equal and uniform in relation to all persons of the same class. But where a tax is imposed in compliance with these principles, no excuse for it need be sought under the police power.

The sole basis for the argument against the legality of the tax is that the plaintiff will not be able to carry on the business of issuing and redeeming trading stamps in the single city of Charleston, if it is compelled to pay the license tax which the officers of Kanawha county are seeking to collect from it under the statute we have mentioned. If the fact appeared that the tax has been fixed at such a large sum as to be absolutely prohibitive of the trading stamp business throughout the state, the case might call for a decision other than the one we shall announce. But as to such instance we do not decide. The record of this case does not warrant the claim that the statute

is one intended to prohibit the business. Plainly the statute is not in terms one of prohibitory character, and nothing makes it appear to be such in fact. How can we say that this license tax was intended to prohibit, or even to control, the business in which the plaintiff is engaged? It is not ·disclosed that the business throughout the state is not a proper subject for the tax. It does not appear that the tax is even oppressive to such a line of business. The fact that the plaintiff cannot succeed in the business in one city of the state if it must, pay the tax for the county of that city, surely cannot avail to overthrow the legitimacy of the legislative effort to provide a revenue. Though the plaintiff may not be able to succeed in the business under the tax, for all we are told there may be many other persons engaged in it that are making enormous profits, even in the city the plaintiff mentions. Yea, from all we can see from the record, it may be that the plaintiff cannot make profits because of the greater business success that has attended these other persons in the same city. Moreover, it may be that the plaintiff entered the local field too·late, after others had established a lucrative hold under the tax, or that those others have better business intelligence and management than the plaintiff. Certain it is that the failure of the plaintiff to make profits can not alone brand the tax as unjust and invalid. "The reasonableness or unreasonableness of a license tax cannot be determined by the extent of the business of a single individual. There may be competition, or negligence on his part, or other considerations affecting the extent of the business of complainant." *Railway* v. *City of Attalla,* 118 Ala. 362. We cannot overthrow the tax on mere assumption. We must speak by the record.

Every presumption is in favor of this legislative act. The law-making body will be presumed to have proceeded in good faith, for the public good, and upon sound reasons. It is proper to assume that the Legislature had before it, at the time it fixed this tax, information as to the extent and profitableness of the trading stamp business in this state which justified its act in the premises. The act will be presumed to be reasonable, unless the contrary appears on the face of the law itself, or is established by proper evidence. *Gamble* v. *City Council,* 147 Ala. 182. Plainly, the face of the law itself does not ·show unreasonableness, unless facts that we know nothing about are

assumed. As we have said, the record contains no showing of the unreasonableness of the tax, except as guaged by the improper standard of the plaintiff's failure to succeed under it. Here the words of Judge Cooley are applicable: "In every instance the highest consideration should be paid to the determination of the legislature that a tax should be laid. It is not lightly to be assumed that its members have come to the examination of the subject with any other than public motives, or that they have failed to give it due investigation or reflection. The presumption on the other hand must always be that they have considered it with honesty and fair purpose, and that their action is the result of their deliberate judgment. And with all these presumptions tending to support the legislative action, it would seem but reasonable and proper that the courts should support it when not clearly satisfied that an error has been committed." 1 Cooley on Taxation, (3rd ed.), 184.

The amount of the tax, judged in connection with what we may personally think about the opportunities and results in the trading stamp business, cannot properly be raised for decision. Yet on such assumption we must render decision against the validity of the tax if at all. It is unfair to impute to the Legislature a purpose to kill a business indirectly by tax. Rather shall we impute to it a purpose to raise revenue from a source that it investigated and found to be of such lucrative character as to warrant the tax applied thereon. In the words of the late Chief Justice Fuller: "The general legislative purpose is plain, and the intention to prohibit this particular business cannot properly be imputed from the amount of the tax payable by those embarked in it." *Williams* v. *Fears,* 179 U. S. 275.

The tax extends to all of a class. Every person in the particular vocation must pay it. So it has been made to conform to the rule for reasonable classification, and for equality and uniformity. There is no semblance of discrimination in favor of one person engaged in the business as against another engaged in the same business. Trading stamp merchants, if such they may be called, or trading stamp dealers and redeemers, surely stand in a novel and distinct class by themselves. They do a business that is quite different from ordinary merchants. They are plainly distinguished from store-keepers who sell for cash or credit and deal in goods after the ordinary methods. So it has

been held: "A city ordinance, imposing upon persons engaged in the business of furnishing trading stamps to merchants to be distributed among their customers for use in the purchase of other merchandise, a larger tax than that imposed upon merchants carrying on an ordinary mercantile business, is not violative of the constitutional provision, requiring uniformity of taxation." *Gamble* v. *City Council, supra.* If these trading stamp dealers are advertising agents as claimed by the plaintiff, they indeed stand in a distinct class as such. They do not at all operate as advertising agents usually do, and are distinguishable from the ordinary class of that line as a class by themeslves. Advertising agents do not ordinarily issue orders for merchandise and keep on hand merchandise for the redemption of those orders. The very description which the plaintiff gives of its business satisfies any mind that the business is in a class by itself—that there is none other like it. The rule for reasonable classification has been fulfilled by the act fixing the tax in question. "The power of the state to distinguish, select and classify objects of taxation has a wide range of discretion. Classification must be reasonable, but there is no precise application of the rule of reasonableness, and there cannot be an exact exclusion or inclusion of persons and things." 1 Cooley on Taxation (3rd ed.) 76.

The Legislature had the power to select and justly tax the trading stamp business; and the presumption that it has placed a reasonable tax thereon has not been overthrown. The tax, as far as appears in this case, does not contravene any provision of the State Constitution or the Fourteenth Amendment to the Federal Constitution. Let the decree be affirmed.

*Affirmed.*