# DAVIS *v.* COMMONWEALTH OF VIRGINIA.

### ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 184.    Argued March 9, 1915.—Decided March 22, 1915.

The business of taking in one State orders for portraits made in another State is interstate commerce, and if the original order contemplates an option on the part of the purchaser to have a frame also sent from the other State, the business is one affair and exempt from imposition of license fee by the State in which the sale is made.

THE facts are stated in the opinion.

*Mr. John Winston Read* and *Mr. Thomas J. Christian* for plaintiff in error.

*Mr. Christopher B. Garnett,* with whom *Mr. John Garland Pollard,* Attorney General of the State of Virginia, was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error was convicted of peddling without a license. His defence was that if applied to his dealings the Virginia law would interfere with commerce among the States, contrary to Article I, § 8 of the Constitution. The facts are as follows. The Empire Art Institute of New York sent soliciting agents to Virginia who took orders on a blank furnished by the Company. These blanks stated that the Company would place a limited number of a 'new Aquarell Portrait' 'at cost of material, India Ink $1.98 and Water Color $3.96,' and the one exhibited went on: "On or about Apr. 10, 1911, we agree to deliver to the holder of this contract a fully finished Ink Portrait ————x———— as shown by our salesman. Mrs. T. P. Morrisette agrees to pay $1.98 for the portrait when delivered. We do not compel you to take frames from us but owing to the delicate nature of the work all portraits are delivered in appropriate frames which this ticket entitles you to select at wholesale prices." On receipt of such order the Company shipped the portrait when prepared and, in a separate parcel, frames suitable for them to an agent, in this case the plaintiff in error. The latter put the pictures into appropriate frames and then delivered the portraits, offering the customer a choice of three different styles of frames, the customer taking one or not at his will.

The court below thought that the purchase of the frames was to be regarded as a separate transaction occurring wholly in Virginia. Whether or not this was its technical aspect as an executed contract, it often has been pointed out that commerce among the States is a practical not a technical conception. The preliminary contract bound the Company to furnish a chance to take a frame with the portrait. Obviously it was contemplated that the frames would be sent from New York as well as the pictures, as

in practice they were, and although the bargain was not complete until the Company's offer was accepted in Virginia, the furnishing of the opportunity was a part of the interstate transaction. From the point of view of commerce the business was one affair. *Dozier* v. *Alabama*, 218 U. S. 124. *Crenshaw* v. *Arkansas*, 227 U. S. 389. *Browning* v. *Waycross*, 233 U. S. 16, 21.

*Judgment reversed.*