# CHARLESTON.

SPERRY & HUTCHINSON CO. v. HILL, SHERIFF.

Submitted September 7, 1915.   Decided October 5, 1915.

COMMERCE—*"Interstate Commerce"*—*State License Tax*—*Trading Stamps.*

A company carrying on the business of selling to merchants in this state, upon mail orders addressed to it at its place of business in another state, merchants trading stamps, and redeeming same with premiums shipped from such other state as ordered, is engaged in interstate commerce, and can not be required to pay a state license tax for the privilege of conducting such business.

76 W. Va.

Appeal from Circuit Court, Kanawha County.

Suit by the Sperry & Hutchinson Company against Bonner Hill, Sheriff, etc. From decree for plaintiff, defendant appeals.

*Affirmed.*

*Fred O. Blue* and *John T. Simms,* for appellant.

*Mollohan, McClintic & Mathews* and *John Hall Jones,* for appellee.

Williams, Judge:

Claiming that plaintiff was engaged in a merchants trading stamp business in the counties of Preston and Mineral, during the fiscal year beginning July 1, 1913, and ending June 30, 1914, for which it is required by law to pay an annual license tax of $500 in each of said counties, the state tax commissioner issued license taxes for each of said counties, adding thereto the statutory penalty for failure to pay promptly, and placed them in the hands of the respective sheriffs of said counties for collection. They were later returned, with the officer's statements endorsed thereon that plaintiff had no property in said counties. The tax commissioner thereupon placed them in the hands of defendant, sheriff of Kanawha county, who levied them upon plaintiff's property in the city of Charleston, Kanawha county. Plaintiff then filed its bill in the circuit Court of Kanawha county against said sheriff, averring that it had done no business in either of said counties, within the license year above named, for which it is liable to pay a tax, and had made no application to the tax commissioner for such license, and prayed that the sheriff be perpetually enjoined from selling its property, and that the license tax be declared illegal and void. Defendant demurred and answered, denying the allegations of the bill. Plaintiff replied generally, and on the 28th of September, 1914, the cause was heard upon depositions taken by each of the parties to the cause, and a final decree made, in which the court held that plaintiff was not, in any manner, engaged in business in Preston county, and that the business done by it in Mineral county, for the license year named, was done solely by mail orders sent from that county to its branch

, office in Cumberland, Maryland, and was, therefore, an interstate business, for which plaintiff was not liable to pay a license tax in this state, and perpetually enjoined defendant from selling the property levied on. By this appeal defendant seeks a reversal of that decree.

Plaintiff is a New Jersey corporation authorized by charter to carry on a merchants trading stamp business, which is a peculiar form of advertising the business of retail merchants, having its principal place of business in the city of New York, and branch offices elsewhere.

Sec. 2, clause (j), Ch. 32, Code 1913, provides as follows: "No person without a State license therefore shall * * * (j) sell, offer or expose for sale to merchants, trading stamps, premium stamps or certificates of like nature or character or undertake with merchants to redeem such stamps or certificates in money or goods." By Sec. 35, same chapter, such license is required for each county in which such business is carried on; by Sec. 101, the annual license tax is fixed at $500; and Sec. 121, provides a penalty of 10% of the tax for each month's default made in the payment thereof.

That the legislature has the right to prescribe a license tax for the privilege of conducting the business in which plaintiff was engaged, when carried on in this state, is not denied. That question was decided in *Sperry & Hutchinson Co.* v. *Melton,* 69 W. Va. 124.

Defendant contends that plaintiff sold stamps to the Offutt-Lakin Company, and also redeemed them in the license year beginning July 1, 1913. This it denies, but admits that it paid a license tax in Preston county for the fiscal year beginning July 1, 1911, and also for the fiscal year next following. But, for the latter year, it claims that it was not legally bound to pay the tax, and did so under protest, and after levy therefor had been made on its goods in Clarksburg. A contract, between it and the Offutt-Lakin Company, retail merchants doing busines at Terra Alta, Preston county, dated June 18, 1912, appears in the record, by which it agreed to sell Offutt-Lakin Company trading stamps, and redeem them from their cash customers. That agreement was for a year from its date, and, in terms, provided that it should renew itself automatically for periods of one year each, from year'

to year, unless written notice to the contrary was given by either party to the other thirty days prior to the yearly period of expiration; and W. B. Lyon, plaintiff's district manager, whose district included the state of West Virginia, admits, that written notice of the cancellation of the contract had not been given, but claims that it was, nevertheless, abrogated by the action of the parties to it. He says no business was ever done under it, and Offutt-Lakin Company never applied for stamps after it was made. F. L. Lakin, manager of Offutt-Lakin Company, also admits that no notice was given of the termination of that contract, and says he bought no trading stamps from Sperry & Hutchinson Company in the license year in question. He admits using their stamps, up until May, 1914, and says he obtained them from D. E. Offutt & Sons, of Oakland, Maryland, who own half the capital stock of the Offutt-Lakin Company, under an arrangement with that firm, whereby it purchased the trading stamps in ten book lots, and divided them with his company. There is no proof, however, that plaintiff was a party to that arrangement. He also says, that during the license year 1913-1914, he had a good deal of correspondence with plaintiff's branch office in Cumberland, relating to the redeeming of stamps from his customers, in Preston county, and that many were redeemed with premiums shipped to such customers from Cumberland, Maryland. Miss Isaacs, who attended to most of the detail work in plaintiff's premium parlor in Cumberland, continued to send Offutt-Lakin Company "Red Letter Day" stamps throughout the year 1913, and for the first five months of 1914. She says it was her practice to send them to all customers whose names were on the mailing list, and that she did so without any direction from the general manager. The "Red Letter Day" stamps were not sold, but were given by Sperry & Hutchinson Company to their customers, only on a certain day of each month, and they in turn, gave them to their retail customers only on that day, simply as a means of attracting them to their place of business. Each "Red Letter Day" stamp was equivalent to ten of the green trading stamps, but nothing was paid for them. There is no proof that any stamps were redeemed in either Preston or Mineral county in the year in question.

Three books of trading stamps, one procured from a customer of Cline's store in Mineral county and two from Offutt-Lakin Company's customer in Preston county, were sent to persons in Charleston, Kanawha county, where plaintiff had license to do business and maintained a premium parlor, and were there presented and redeemed with premiums kept in store at that place. Mr. W. F. Bonnett, manager of plaintiff's Charleston premium parlor, says he did not know the person who presented the stamps, and there was no way of telling to what one of plaintiff's West Virginia customers the stamps had been issued, that all stamps issued to West Virginia customers are identical. Neither could he tell in what year they had been issued.

Viewing the foregoing evidence in the strongest light against plaintiff, it does not prove that it sold, offered or exposed for sale, or that it undertook with any merchant, to redeem merchants trading stamps, either in Preston or in Mineral county.

Plaintiff admits that it did business in Mineral county, but claims that it was an interstate business carried on solely by mail orders, and that the state has no right to require a license tax therefor. The evidence, as to either county, proves no more than that it was conducting its business with its customers in Preston and Mineral counties from its branch office in Cumberland, through the mail. That plaintiff's business thereby became an interstate commerce, exempt from state taxation by clause 3, Sec. 8, Art. I, of the Federal Constitution, scarcely admits of doubt.

"Stocks, bonds, debentures, and other securities are subject-matters of Interstate commerce." *Bracey* v. *Darst,* 218 Fed. 482. See also, *Lottery Case,* 188 U. S. 321.

Commerce, as used in the federal constitution, is a comprehensive term, and means more than traffic. Transmission of intelligence by a correspondence school has been held to be commerce. *International Text Book Co.* v. *Pigg,* 217 U. S. 91.

That a license tax exacted by a state for doing an interstate business, is indirectly a tax upon interstate commerce, and hence in violation of the Federal Constitution, is well settled.

"A state law is unconstitutional and void which requires a

party to take out a license for carrying on interstate commerce.'' *Crutcher* v. *Kentucky*, 141 U. S. 47. See also, *Adams Express Co.* v. *New York*, 232 U. S. 14, and *Davis* v. *Virginia*, 236 U. S. 697.

The decree is affirmed.

*Affirmed.*