26 So.2d 207

**J. R. WATKINS CO. v. HAMILTON et al.**

6 Div. 258.

Court of Appeals of Alabama.

May 21, 1946.

Taylor & Jeffrey, of Birmingham, for appellant.

Arthur Fite, of Jasper, for appellees.

HARWOOD, Judge.

This cause is an action in assumpsit filed by The J. R. Watkins Co. against Amos E. Green and McKinley McGough, guarantors on a bond made by David Cullen Hamilton to The J. R. Watkins Co. securing the payment of any indebtedness accruing to the J. R. Watkins Co. as a result of sales of medicines, toilet goods, foods, etc., by the company to said Hamilton. The complaint as amended was against the two above named defendants, Hamilton having been stricken as a defendant, and contained six counts, the contract on which the suit was based being attached and made a part of the complaint.

The defendants filed separately and severally nine pleas. Plea No. 1 was the general issue. Pleas Nos. 2, 3, 4, 5 and 6 were pleas of conditional delivery and execution of the contract. Pleas Nos. 7, 8 and 9 set up that plaintiff was a non qualifying foreign corporation doing business in Alabama. Plaintiff demurred to pleas Nos. 2, 3, 4, 5, 6, 7, 8 and 9, and the demurrers were sustained to all the pleas except 7, 8 and 9, being overruled as to these three.

Defendants then filed plea No. 10, which was a plea of non est factum, and issue was joined on pleas Nos. 1, 7, 8, 9, and 10.

The evidence shows that the company and Hamilton executed a contract wherein the company agreed to sell, and Hamilton agreed to purchase, merchandise on credit. Attached on the same page was a guaranty agreement executed by Green and McGough whereby they guaranteed the payment of Hamilton's indebtedness resulting from his contract with the company.

The J. R. Watkins Co. is a Delaware corporation, and its regular place of business is at Winona, Minnesota. The contract was accepted by the company at Winona, and Green and McGough notified by registered mail of the acceptance.

Pursuant to its contract with Hamilton the company sold and delivered to Hamilton by shipment from its regular place of business merchandise of the value of $793.20, on which payment was made totalling $443.70, leaving a balance of $349.50, the amount of this suit.

■ The evidence established the execution of the contract, thus overcoming pleas Nos. 1 and 10.

Pleas Nos. 7, 8 and 9, set forth that the company was a foreign corporation not qualified to do business in Alabama, and that the transaction culminating in the said contract was a transaction of business within this State voiding the contract. Sec. 232, Constitution of Alabama; Section 342, Title 51, and Sections 192 et seq., Title 10, Code of Alabama 1940.

■■ One of the grounds of demurrer filed to these pleas is that it is a conclusion of the pleader. Since no facts were set out establishing the nature of the acts done by the company and relied on to constitute the doing of business the pleas are conclusive in nature and the demurrer should have been sustained. Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 So. 314. However, since the evidence developed at the trial was as full in every way as could have been developed by the company had the demurrers been sustained to these pleas the substantial rights of the company were not injuriously affected, and this procedural error furnishes no cause for reversal. Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Ryan et al. v. Young, 147 Ala. 660, 41 So. 954; Payne v. Crawford, 102 Ala. 387, 14 So. 854.

The evidence adduced as to the issue raised by pleas 7, 8 and 9 was contained in the answers to interrogatories propounded by defendants below to the company and was to the effect that the company did not have any agent working for it in this State on 14 August 1940, but that one J. S. Webb, an employee of the company was in Alabama on that date for the purpose of interesting persons in becoming customers of the company; that Webb was to check public records and obtain information on persons who had signed contracts as sureties for prospective customers; to furnish prospective customers with printed forms of contracts with the company, and to mail such contracts as might be delivered to him, together with the information obtained by his investigations to the office of the company in Minnesota for approval; that Webb had no authority to perform any act for the company, and had been specifically instructed not to be present when any contract or guaranty was signed, or to have anything whatsoever to do with the executions thereof.

■ That merely soliciting business in this State, the orders to be approved in the office of the foreign corporation and the goods shipped thereon into this State, does not constitute doing business in this State so as to bring the non qualified foreign corporation under the operation of our Statutes and Constitution is now so well settled as to require no citation of authority for the proposition.

364

■ In our opinion the acts of Webb in merely furnishing prospective customers and guarantors with printed forms of contracts, and forwarding such executed contracts to the home office of the corporation in Minnesota as might be returned to him was in nowise doing business in this State.

Thus the only activity of the company's employee Webb that need be considered is whether his acts in examining the public records and investigating the financial status of prospective customers and their guarantors, and transmitting the information gained from his investigation to the company, constituted doing business in Alabama by the non qualified J. R. Watkins Company.

■ The statutory phrase "engaging in or transacting any business" found in Section 342, Title 51, and Section 192 et seq., Title 10, Code of Alabama 1940, is synonymous with the phrase "do any business" found in Section 232 of our Constitution of 1901. Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508.

■ What acts constitute "doing business" in this State by a foreign corporation cannot be judicially defined with precision. The question must be determined by the facts of each particular case. It is clear under our decisions however that before the acts done by the foreign corporation in this State can be said to fall within the purview of our constitutional and statutory provisions, such acts performed in this State must be in the exercise of some of the functions for which the corporation was organized, that is, in the transaction of the real or chief business of the corporation rather than the performance of acts merely within the corporate powers. Beard v. Union and American Pub. Co., 71 Ala. 60; Christian v. American Freehold Land Mortgage Co., 89 Ala. 198, 7 So. 427; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543; International Cotton Seed Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517; Friedlander Bros. v. Deal, supra; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472.

There is no evidence in the record in the instant case as to what are the real corporate functions of the J. R. Watkins Co. If its corporate function or a part thereof is to investigate financial ratings, then the acts performed by Webb would constitute a doing of business in this State so as to bring it under our laws. On the other hand if its real corporate function is the manufacture and sale of merchandise, the acts performed by Webb would be within its corporate powers, actual or implied, but not within the real business of the corporation, and would not amount to a doing of business within this State.

■ In the Friedlander Bros. v. Deal case, supra, our Supreme Court held that where a non qualified foreign mercantile corporation, organized and chartered to do a merchandising business, and authorized to buy, lease or hold real estate suitable to the purposes of the corporation, leased a storehouse in this State for its intended use in its future business in this State, that such act on the part of the corporation did not amount to a transaction of business by the corporation within this State, but was merely an incidental preliminary step to the doing of the real business of the corporation. Applying that principle to the facts of this case, it is our opinion that the acts performed by Webb amounted to nothing more than incidental preliminary steps. Further if the corporate function of the Watkins Co. is to manufacture and sell merchandise, and such sales are perfected by orders approved in the company's office in Minnesota and shipped into Alabama, then such steps are preliminary to an essentially interstate business to which our laws could not properly apply in any of its phases.

■ In view of the doctrines of our cases above set out, and the absence of any evidence as to the corporate functions of the J. R. Watkins Co., an essential element to the defense of this suit, it was error for the trial court to give the affirmative charge in favor of the appellees (defendants) and to refuse appellant's motion for a new trial based on such assigned errors. This case must therefore be reversed.

Reversed and remanded.