87 So.2d 661

### WEST POINT WHOLESALE GROCERY COMPANY

v.

### CITY OF OPELIKA.

5 Div. 448.

Court of Appeals of Alabama.

Feb. 21, 1956.

Rehearing Denied April 3, 1956.

Denson & Denson and Yetta G. Samford, Jr., Opelika, for appellant.


McKee & Maye, Opelika, for appellee.

PRICE, Judge.

This suit was brought by appellant, West Point Wholesale Grocery Company, a corporation, seeking to recover monies paid as license fees under an ordinance of the City of Opelika.

Defendant's demurrers to the complaint were sustained and plaintiff took a non-suit and perfected this appeal. Title 7, Section 819, Code 1940.

The complaint alleges:

"1. The Plaintiff claims of the Defendant, City of Opelika, a municipal corporation organized and existing under the laws of the State of Alabama, the sum of Two Hundred Fifty and $^{50}/_{100}$ ($250.50) Dollars, for that during the period, towit: January 1st, 1953, to and including the date of the filing of this Complaint, Plaintiff was, and is now, a non-resident of the State of Alabama, being a corporation organized and existing under the laws of the State of Georgia and was, during said time, engaged in the wholesale grocery business, and from time to time, during said period, sold and delivered in interstate commerce certain of its groceries to retail merchants, located and doing business in said City of Opelika, that Plaintiff had no office, storeroom or place of business whatsoever within the State of Alabama, that Plaintiff had no in-

ventory or store of goods within the State of Alabama or for any other purpose, but that such sales were purely interstate sales made upon orders given to Plaintiff's salesman and representative upon his solicitation of such orders from said retail merchants, which orders were transmitted or delivered by said salesman or representative to Plaintiff, at its place of business in the City of West Point, in the State of Georgia, where the orders were accepted, whereupon the groceries so ordered were loaded upon Plaintiff's trucks at its place of business in said City of West Point in the State of Georgia, and unloaded at said retail merchants' place of business at the end of a continuous movement in interstate commerce from Plaintiff's said place of business in the State of Georgia to the purchasers' place of business in the City of Opelika.

"Plaintiff further alleges that during said period, to-wit: from January 1st, 1953, to and including the day on which this Complaint is filed, the Defendant, said City of Opelika, had in full force and effect an ordinance, enacted by its Board of Commissioners, which fixed and prescribed a 'License Schedule' for said City of Opelika, Alabama, being 'An ordinance to fix and prescribe the rates for license or privilege taxes for trades, vocations, professions, and other businesses conducted within the City of Opelika, Alabama,' which ordinance imposed a tax upon wholesale merchants as will appear from said 'schedule' which in words and figures, pertinent here, is as follows, to-wit:

" '82.  Merchants, Wholesale:
Where a gross annual business is:
$100,000.00 and less.......... 35.00
Over $100,000.00 and less than $200,000.00 ................. 50.00
$200,000.00 and less than $500,000.00 ..................... 75.00
$500,000.00 and less than $1,000,000.00 .................. 100.00
$1,000,000.00 and less than $2,000,000.00 .................. 200.00
$2,000,000.00 and over........ 250.00

And in addition thereto, one-sixteenth (1/16) of one percent (1%) on the first $500,000.00 gross receipts plus one-twentieth (1/20) of one percent (1%) on the next $500,000.00 gross receipts plus one-fortieth (1/40) of one percent (1%) on all gross receipts over one million dollars ($1,000,000.00)'

"And Plaintiff further alleges that during said period said Defendant City had in full force and effect an ordinance, enacted by its Board of Commissioners, which fixed and prescribed a 'License Schedule,' being 'An ordinance to fix and prescribe the rates for license or privilege taxes for trades, vocations, professions, and other businesses conducted within the City of Opelika, Alabama,' which ordinance imposed a tax upon 'Transient or Itinerant' merchants, as will appear from said 'Schedule' which in words and figures, pertinent here, is as follows, to-wit:

" '130.  Transient or Itinerant:
Each person, firm, corporation or motor transportation company who unloads, delivers, distributes or disposes of any goods, wares, merchandise, or produce in the City of Opelika, Alabama, which said goods, wares, merchandise or produce was transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama, Annual Only ...................... $100.00'

"Plaintiff further alleges that by an ordinance which was enacted by said Board of Commissioners and which became effective on, to-wit: January 21st, 1953, said license schedule was amended, said amendment as advertised and published in Opelika Daily News, a newspaper published in said City, in its issue of January 21st, 1953, being as follows, to-wit:

"Ordinance No. 103–53

"An Ordinance to Amend Ordinance No. 101–53 entitled City License Schedule for 1953.

"Be it ordained by the Board of Commissioners of the City of Opelika, Alabama, as follows:

"1.  That Ordinance No. 101–53 of the City of Opelika, Alabama, entitled City License Schedule for 1953, be amended by adding thereto sub-section 130(a), as here-

inafter set forth, and by amending subsection 130 thereof to read as follows:

"130. Transient or Itinerant:

"Each person, firm, corporation or motor transportation company, except persons, firms or corporations engaged in the wholesale grocery business delivering, distributing or disposing of groceries at wholesale, who unloads, delivers, distributes, or disposes, of any goods, wares, merchandise, or produce in the City of Opelika, Alabama, which said goods, wares, merchandise or produce was transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama, Annual Only ......................$100.00.

"130(a) Transient or Itinerant-Wholesale Grocers:

"Each person, firm, or corporation engaged in the wholesale grocery business who unloads, delivers, distributes or disposes of groceries at wholesale in the City of Opelika, Alabama, which are transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama, Annual Only....$250.00.

"2. This ordinance shall become effective immediately after the publication.

"Adopted and Approved this the 20th day of January 1953.

"(s) Ealon M. Lambert
President of the Board
of Commissioners of the
City of Opelika, Alabama.

"Attest:
W. F. Pearson
City Clerk
(Adv. 21).

"Plaintiff further alleges that the above quoted provisions are some of many provisions in said ordinance, constituting the 'City License Schedule' adopted by said City of Opelika.

"Plaintiff further alleges that said City of Opelika, upon the passage of said amended ordinance, demanded that Plaintiff pay said license tax of $250.00 together with an issuance fee of 50¢, under penalty of being adjudged in violation of law and subject, as shown by that section of 'City License Schedule for 1953, then in force and effect, to fine and imprisonment, which section is in words and figures as follows:

"'d. Penalties:

"'It shall be unlawful for any person, firm, or corporation, to engage in any of the businesses or vocations for which a license may be required without first having procured a license therefor, and any violation hereof shall constitute a criminal offense and shall be punishable by fine not to exceed one hundred ($100.00) dollars for each offense and by imprisonment not to exceed thirty days and not less than the amount of the licenses, either or both at the discretion of the Court trying the same, and each day when such business or vocation is conducted without such license shall constitute a separate offense.'

"Plaintiff further alleges that it paid said license tax of $250.00, and issuance fee of 50 cents, so demanded by said Defendant City.

"Plaintiff further alleges that the aforesaid deliveries and unloadings by it from its trucks were of groceries in interstate commerce at the end of continuous interstate movements from Plaintiff's place of business in the City of West Point in the State of Georgia to the places of business of the purchasing retail merchants in said City of Opelika, Alabama, and that said ordinance of said City of Opelika, Alabama, and the license tax levied and applied to this Plaintiff thereunder constitute an undue burden upon such interstate commerce.

"Plaintiff further alleges that the aforesaid ordinance of said City of Opelika, Alabama, and the license tax levied thereunder, are arbitrary, unreasonable and discriminatory, in that they differentiate between interstate commerce and intrastate commerce, setting up everyone 'who unloads, delivers, distributes or disposes of any goods, wares, merchandise or produce in the City of Opelika, Alabama, which said goods, wares, merchandise or produce was transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama,' as one classification taxed in one way, namely, a flat-sum, and those who unload, deliver, distribute, or dispose of any goods, wares, merchandise, or produce in the City of Opelika, Alabama, other than

goods, wares, merchandise, or produce transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama, as a separate classification taxed in a different way, namely, apportioned on the basis of gross receipts.

'Plaintiff further alleges that said ordinance of said City of Opelika, Alabama, and the license tax levied thereunder, are arbitrary, unreasonable and discriminatory, in that they differentiate among interstate merchants properly in the same class as Plaintiff, said ordinance setting up everyone 'engaged in the wholesale grocery business who unloads, delivers, distributes or disposes of groceries at wholesale in the City of Opelika, Alabama, which are transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama,' as one classification taxed at $250.00 per year, and setting up everyone 'except, firms, or corporations engaged in the wholesale grocery business delivering, distributing, or disposing of groceries at wholesale, who unloads, delivers, distributes, or disposes of any goods, wares, merchandise, or produce in the City of Opelika, Alabama, which said goods, wares, merchandise, or produce was transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama,' as one classification taxed at $250.00 per year, and setting up everyone 'except persons, firms, or corporations engaged in the wholesale grocery business delivering, distributing, or disposing of groceries at wholesale, who unloads, delivers, distributes, or disposes of any goods, wares, merchandise, or produce in the City of Opelika, Alabama, which said goods, wares, merchandise, or produce was transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama,' as a separate classification taxed at $100.00 per year.

"Plaintiff further alleges that the said ordinance of said City of Opelika, Alabama, and the flat-sum license tax levied and applied to this Plaintiff thereunder, are arbitrary, unreasonable and discriminatory, in that they are not uniform in their burden upon those in the class set up by said ordi-

nance of which Plaintiff is a member, said ordinance taxing everyone 'engaged in the wholesale grocery business who unloads, delivers, distributes or disposes of groceries at wholesale in the City of Opelika, Alabama, which are transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama,' at $250.00 per year without any apportionment upon any basis whatsoever.

"Plaintiff further alleges that said ordinance of said City of Opelika, Alabama, and the license tax levied thereunder, as applied to this Plaintiff are arbitrary, unreasonable and discriminatory, creating a burden upon interstate commerce, in that they discriminate between solicitation of business in interstate commerce and solicitation of business in intrastate commerce, said ordinance taxing 'each person, firm or corporation engaged in the wholesale grocery business who unloads, delivers, distributes or disposes of groceries at wholesale in the City of Opelika, Alabama, which are transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama,' at a flat sum of $250.00 per year, while a person, firm, or corporation engaged in the wholesale grocery business who unloads, delivers, distributes or disposes of groceries at wholesale in the City of Opelika, Alabama, other than groceries transported from a point without the City of Opelika, Alabama, to a point within the City of Opelika, Alabama, is taxed on the basis of its gross receipts, and may pay a much smaller tax even though its gross sales are the same as those of the person, firm or corporation engaged in interstate commerce who must pay the flat-sum of $250.00.

"Plaintiff further alleges that because of such discrimination as set forth above, the said ordinance of said City of Opelika, Alabama, and the flat-sum license tax levied and applied to this Plaintiff thereunder, deprived Plaintiff of its property without due process of law.

"Plaintiff further alleges that for all of the facts and reasons hereinabove set forth said ordinance of said City of Opelika, Ala-

bama, and the license tax levied thereunder, violate and are contrary and repugnant to the Constitution of the United States and the Constitution of Alabama, and in particular Article I, Section 8, Clause 3, and Article IV, Section 2 of the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, and Sections 1 and 35 of the Constitution of Alabama, all of which results in said ordinance and tax being illegal and void.

"Plaintiff further alleges that on or about February 15, 1953, it paid to said City of Opelika the sum of $250.00 and an issuance fee of 50 cents demanded and exacted of it under and by virtue of said ordinance, namely: License Schedule 130(a), and Plaintiff avers that said sums of $250.00 and 50 cents were paid by Plaintiff to said Defendant City of Opelika, under mistake of law or fact and that said City of Opelika, now retains the same, and Plaintiff therefore claims of said Defendant City of Opelika the sum of $250.50 for money on, to-wit: February 15th, 1953, had and received by said Defendant City of Opelika, which sum of money, to-wit: $250.50 with the interest thereon, is still unpaid."

The legality of the tax provided for under quoted Section 130(a) of the ordinance is challenged on the ground (1) that it imposes an undue burden on interstate commerce in violation of Article I, Section 8, Clause 3 of the Federal Constitution, and (2) that it is arbitrary, unreasonable and discriminatory in that it differentiates between interstate and intrastate commerce; differentiates between interstate merchants properly in the same class as appellant, because that said classification 130(a) fixes a license fee of $250 while classification 130 fixes a fee of $100; a flat sum license tax is levied without regard to the amount of business each year; discriminates between itinerant wholesale grocery merchants and local wholesale merchants in that the local merchants are taxed on a graduated gross receipts basis while itinerant wholesale grocers are required to pay a flat sum license.

The ordinance is essentially identical with those previously considered and held valid in Sanford v. City of Clanton, 31 Ala.App. 253, 15 So.2d 303, certiorari denied 244 Ala. 671, 15 So.2d 309; Sanford Service Co. v. City of Andalusia, 36 Ala.App. 74, 55 So.2d 854, certiorari denied 256 Ala. 507, 55 So.2d 856; City of Enterprise v. Fleming, 240 Ala. 460, 199 So. 691, 692.

■ The ordinance applies equally to deliveries of wholesale groceries in the City of Opelika, regardless of whether the transportation began within or without the State, therefore, defendant's contention that it differentiates between intrastate and interstate commerce is without merit. Sanford v. City of Clanton, supra; Sanford Service Co. v. City of Andalusia, supra.

■ The basis of classification is a reasonable one and applies equally to all within the class, City of Enterprise v. Fleming, supra; Woco Pep Co. of Montgomery v. City of Montgomery, 219 Ala. 73, 121 So. 64; American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880, and it is not discriminatory because a different tax was required of itinerant persons unloading, delivering, distributing or disposing of goods, wares, merchandise, or produce, other than wholesale groceries.

■ There is no merit in appellant's contention that the tax is discriminatory because it imposes upon the local wholesale merchant a graduated scale gross receipts tax for the privilege of engaging in local business, while appellant must pay a fixed-sum license tax. "It is well settled that a schedule of licenses may be prescribed for an itinerant person, firm, or corporation different from that prescribed for one having an established place of business within the municipality." American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, 209; American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880.

■ Likewise, we find no merit in appellant's contention that all fixed-sum license taxes necessarily discriminate against interstate commerce. As was said by Judge Simpson in Sanford v. City of Clanton, supra [31 Ala.App. 253, 15 So.2d 309], " * * * the principle has been narrowly

limited to fixed-sum license taxes imposed on the business of soliciting orders for purchase of goods to be shipped interstate."

We are of the opinion the complaint does not allege sufficient facts to support the conclusions of the pleader as to the charge of unlawful discrimination against appellant or to show that the requirement that appellant pay the license fees constitutes an illegal burden on interstate commerce. The demurrer was properly sustained.

The judgment of the circuit court is affirmed.

Affirmed.