## WEST POINT WHOLESALE GROCERY CO.
### *v.* CITY OF OPELIKA, ALABAMA.

No. 478.   Argued April 24, 1957.—Decided June 17, 1957.

*M. R. Schlesinger* argued the cause for appellant. With him on the brief were *N. D. Denson* and *Tom B. Slade.*

*R. E. L. Cope* argued the cause for appellee.   On the brief was *Lawrence K. Andrews.*

MR. JUSTICE HARLAN delivered the opinion of the Court.

This is a suit to recover taxes paid by the appellant to the City of Opelika, Alabama, on the ground that the taxes in question imposed a discriminatory burden on interstate commerce.   The state court sustained a demurrer to the complaint, 38 Ala. App. 444, 87 So. 2d 661, rejecting the appellant's federal contention, and we noted probable jurisdiction.   352 U. S. 924.

Section 130 (a) of Ordinance No. 101–53 of the City of Opelika, as amended by Ordinance No. 103–53, provides that an annual privilege tax of $250 must be paid by any firm engaged in the wholesale grocery business which

delivers, at wholesale, groceries in the City from points without the City.[1] Appellant is a Georgia corporation engaged in the wholesale grocery business in West Point, Georgia. It solicits business in the City of Opelika through salesmen; orders are transmitted to appellant's place of business in Georgia, where they are accepted and the groceries thereupon loaded on trucks and delivered to the City. Appellant has no place of business, office, or inventory in Opelika, its only contact with that City being the solicitation of orders and the delivery of goods.[2]

We held in *Nippert v. City of Richmond,* 327 U. S. 416, and in *Memphis Steam Laundry Cleaner, Inc. v. Stone,* 342 U. S. 389, that a municipality may not impose a flat-sum privilege tax on an interstate enterprise whose only contact with the municipality is the solicitation of orders and the subsequent delivery of goods at the end of an uninterrupted movement in interstate commerce, such a tax having a substantial exclusory effect on interstate commerce. In our opinion the tax here in question falls squarely within the ban of those cases. This is particularly so in that Opelika places no comparable flat-sum tax on local merchants. Wholesale grocers whose deliveries originate in Opelika, instead of paying $250 annually, are taxed a sum graduated according to their gross receipts. Such an Opelika wholesaler would have to gross the sum of $280,000 in sales in one year before

---

[1] The ordinance provides for the following "schedule of rates for license or privilege taxes for the conduct of any trade, vocation, profession or other business conducted within the City of Opelika":

"Each person, firm or corporation engaged in the wholesale grocery business who unloads, delivers, distributes or disposes of groceries at wholesale in the City of Opelika, Alabama which are transported from a point without the City of Opelika, Alabama to a point within the City of Opelika, Alabama, Annual only..............$250.00."

[2] The facts, which are admitted for purposes of the demurrer, are taken from the complaint.

his tax would reach the flat $250 amount imposed on all foreign grocers before they may set foot in the City.[3] The Commerce Clause forbids any such discrimination against the free flow of trade over state boundaries.

Since the present tax cannot constitutionally be applied to the appellant, the judgment must be reversed and the case remanded for proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE BLACK dissents.

---

[3] Section 82 of the Ordinance provides for the following rates of tax on local wholesale merchants:

"Where a gross annual business is:

| | |
|---|---|
| $100,000.00 and less | $35.00 |
| Over $100,000.00 and less than $200,000.00 | $50.00 |
| $200,000.00 and less than $500,000.00 | $75.00 |
| $500,000.00 and less than $1,000,000.00 | $100.00 |
| $1,000,000.00 and less than $2,000,000.00 | $200.00 |
| $2,000,000.00 and over | $250.00 |

"And in addition thereto, one-sixteenth (1/16) of one percent (1%) on the first $500,000.00 gross receipts, plus one-twentieth (1/20) of one percent (1%) on the next $500,000.00 gross receipts plus one-fortieth (1/40) of one percent (1%) on all gross receipts over one million dollars ($1,000,000.00)."

Thus a local wholesale grocer grossing $280,000 in one year would pay a sum of $75, plus 1/16 of one percent of his sales, that is, $175—a total of $250.