148 So.2d 218

**FAMILY DISCOUNT STAMP COMPANY OF GEORGIA, DIVISION OF SALES PROMOTION, INC.**

**v.**

**STATE of Alabama.**

**3 Div. 949.**

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied Jan. 10, 1963.

Wm. H. Ellis, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellee.

posed by § 606, Title 51, Code 1940, as amended, which, in pertinent parts, reads:

"Every person who engages in or carries on the business of issuing or selling to merchants, trading stamps, or any device or substitute therefor, or any stamps or certificates of like character which are to be given by merchants to purchasers of goods, wares, or merchandise and which said stamps, certificates or devices, or substitutes therefor, the person issuing or selling the [stamps] agrees to accept in payment for goods, wares, and merchandise kept on hand by himself or another for redemption or for distribution by the person issuing or selling such stamps or certificates, shall pay to the state of Alabama a privilege or license tax of one thousand dollars per annum. * * *"

From that final assessment the Stamp Company appealed to the Circuit Court of Montgomery County, in Equity, under the provisions of § 140, Title 51, Code 1940.

The cause was submitted in the equity court in January of 1961 on the bill of complaint and answer and on the testimony of witnesses who were examined in the presence of the court.

The equity court rendered a decree wherein the assessment of the State Department of Revenue was affirmed in all respects. From that decree the Stamp Company prosecutes this appeal.

In the equity court, and here, the Stamp Company asserted the invalidity of the assessment because it imposes an undue burden upon interstate commerce in violation of the Commerce Clause, Art. 1, § 8, of the Constitution of the United States.

The evidence offered by the Stamp Company showed that its offices were in Macon, Georgia; that all of its business was conducted in or out of offices in that city. It had no office, warehouse, redemption center, or establishment of any kind in Alabama. A serviceman out of Macon, came

LAWSON, Justice.

The question on this appeal is whether appellant is liable for the State license tax prescribed by § 606, Title 51, Code 1940, as amended, on one engaged in the business of issuing or selling trading stamps to merchants.

Family Discount Stamp Company of Georgia, Division of Sales Promotion, Inc., a corporation (hereinafter Stamp Company), is a foreign corporation which is engaged in the so-called "trading stamp business," a form of advertising the business of retail merchants.

Claiming that it was engaged in the business of issuing or selling trading stamps to merchants in Russell County, Alabama, during the tax year beginning October 1, 1955, and ending September 30, 1956, the State Department of Revenue on July 18, 1956, made an assessment against the Stamp Company which included a license tax im-

into Russell County where he took orders from merchants for stamps, which orders were subject to approval by the Macon office, returned the orders to Macon where, upon approval, the serviceman picked up in Macon the appropriate number of stamps and delivered them to the merchants in Russell County on his next trip. No stamps were delivered at the time of the order. They were delivered only after the order was approved by the Macon office. Payment was made on delivery. New and renewal orders for stamps were handled in the same manner.

Redemption of the stamps for merchandise was done similarly, that is, a serviceman would pick up the filled stamp books and take them back to Macon, where he would secure the merchandise which the merchant's customer had selected from a catalog, and which he would carry to the merchant on his next trip. The merchant's customer would later call at the merchant's store for the merchandise he had selected.

The State offered the testimony of a Russell County merchant and that of the County License Inspector.

Act No. 101, approved June 8, 1943, General Acts 1943, p. 105 (1955 Cum.Pocket Part, Vol. II, p. 81, § 372(1), Title 7), provides in substance that in equity cases it is unnecessary that objection be made to any testimony or evidence which may be offered by either party and on the consideration of such cases the trial court should consider only such testimony as is relevant, material, competent and legal, and on appeal this court shall consider only such testimony as is relevant, material, competent and legal, unless specific objection was interposed and a ruling made on such objection by the trial court. Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115.

When hearsay, conclusions and the answers to leading questions are laid aside, as we must do, the testimony of the merchant and license inspector does no more than show that the Stamp Company's business was carried on in Russell County during the tax year involved in substantially the manner as described by the Stamp Company's manager.

The fact that stamp books and premiums were seen in a serviceman's automobile is not sufficient to support a legal inference that the serviceman was peddling or hawking the stamp books, nor is such an inference supported by the testimony of the merchant to the effect that he did not always accept and pay for the stamp books which he had ordered the previous week.

The appellant, the Stamp Company, has cited to us the recent case of City of Birmingham v. Sales Promotion, Inc., 41 Ala. App. 71, 123 So.2d 214, where the Court of Appeals held that the same company involved in this case was not liable for the license tax required by the City of Birmingham of persons engaged in the business of selling, issuing or otherwise distributing trading stamps and similar devices. The State has not mentioned that case in its brief, although it seems to be much in point. The facts are identical in all material respects.

The Court of Appeals pointed out that the city ordinance there involved required, in part, the payment of a fixed sum license, as does the statute of instant concern (§ 606, Title 51, Code 1940). The Court of Appeals said in part as follows:

"The welter of decisions pertaining to the question now before us, both in the Federal courts and the State courts are, by their numbers and delicate distinctions, more productive of confusion than clarity. There is yet much underbrush to be cleared away. See North Western States Portland Cement Co. v. State of Minn., 358 U.S. 450, 79 S. Ct. 357, 3 L.Ed.2d 421.

"It does seem clear, however, that insofar as *fixed sum license taxes upon solicitors in interstate commercial transactions are concerned*, the original pronouncement in Robbins v. Shelby

County Taxing District, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694, refusing to allow such taxes, remains intact. * * *" (Emphasis supplied.)

While taxation and licensing of hawking or peddling, defined as selling and delivering in the state, has been thought to show no violation of the Commerce Clause (Caskey Baking Co. v. Commonwealth of Virginia, 313 U.S. 117, 61 S.Ct. 881, 85 L.Ed. 1223; Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233), solicitation of orders with subsequent interstate shipment has been immune from such an exaction. Breard v. City of Alexandria, supra; Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760.

We are of the opinion that the evidence in this case shows that the activity carried on by the Stamp Company was simply the solicitation of orders and the subsequent delivery of the product ordered. The nature of the Stamp Company's operation in Alabama did not form a sufficient nexus to subject it to the statute's exaction. See Sperry & Hutchinson Co. v. Hill, 76 W.Va. 680, 87 S.E. 748.

In Graves v. State, 258 Ala. 359, 62 So.2d 446; Haden v. Olan Mills, 273 Ala. 129, 135 So.2d 388; and Standard Dredging Corp. v. State, 271 Ala. 22, 122 So.2d 280, there was local activity in Alabama which could be separated from the interstate process or flow of commerce. We do not think that condition exists in this case.

It results that the decree of the trial court is reversed and a decree will be here rendered invalidating and setting aside the assessment made by the State Department of Revenue.

Reversed and rendered.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.