Bobby Lee ROBERTS, Appellant,

v.

YELLOW MANUFACTURING ACCEPTANCE CORPORATION, Appellee.

No. 20152.

United States Court of Appeals
Fifth Circuit.

March 29, 1963.

Herndon H. Wilson, Mobile, Ala., for appellant.

J. Edward Thornton, Mobile, Ala., W. Ford Reese, New Orleans, La., by Thornton & McGowin, Mobile, Ala., for appellee.

Before TUTTLE, Chief Judge, WOODBURY *, Chief Judge, and BELL, Circuit Judge.

PER CURIAM.

Appellee filed a libel in rem and in personam to foreclose a preferred ship mortgage on the Oil Screw LEESHA, securing purchase price indebtedness represented by a promissory note.

Appellant Roberts, the mortgagor, by way of an affirmative defense, asserted that the mortgage and note were void by reason of non-compliance with the Alabama statutes in that the seller, the mortgagee and assignor of appellee, engaged in the transaction out of which the mortgage and note arose in Alabama without having first qualified as a foreign corporation. Title 51, §§ 339, 340, and 342, Code of Alabama, 1940. Exceptions to the affirmative defense were sustained and, after sale of the ship, summary judgment was granted for appellee.

It appeared from the libel and attached exhibits that the ship, at the time it was

---

\* Chief Judge of the First Circuit, sitting by designation.

sold to Roberts, was owned by George Engine Company, Inc., a Louisiana corporation. It was enrolled with and licensed by the United States at the Port of New Orleans, Louisiana on September 27, 1960 as having the home port of New Orleans. It was built at Bayou La Batre, Alabama. The bill of sale from the Louisiana corporation to Roberts, a resident of Alabama, was executed by the corporation in Jefferson Parish, Louisiana, and by Roberts in Alabama. The mortgage recited that the vessel had the home port of New Orleans. The bill of sale, mortgage, note, and the assignment of the mortgage and note to appellee, all dated September 29, 1960, were recorded in the office of the Collector of Customs, Mobile, Alabama. A certificate of ownership was issued by the Bureau of Customs there to Roberts under date of June 26, 1961, reciting the mortgage and the assignment thereof to appellee. This certificate states that the ship was last documented on September 30, 1960 at Mobile. This was the day after the transfer of title to Roberts.

Appellant alleged that the ship was sold and delivered to appellant in Alabama and that the mortgage and note were executed there. It is contended that these allegations raise a fact issue to be decided on trial and not on a motion for summary judgment. It is not alleged that George Engine Company, Inc. was ever in Alabama.

■■ The law of Alabama with reference to these statutes makes it clear that they are not to interfere with transactions in interstate commerce. Citizens' Nat. Bank v. Bucheit, 1916, 14 Ala.App. 511, 71 So. 82, cert. den., Ex parte Buckheit, 196 Ala. 700, 72 So. 1019. The recited facts amply demonstrate that this was an interstate transaction between George Engine Company, Inc. of Louisiana, and Roberts of Alabama. The vessel was registered in Louisiana, the seller was there and the bill of sale was executed there. The fact of the ship being physically in Alabama at the time, or that the mortgage and note were executed in

Alabama by Roberts does not render it an intrastate transaction.

This appeal in our view is controlled, adversely to appellant, by Citizens' Nat. Bank v. Bucheit, supra, which is indistinguishable in principle. The judgment appealed from, therefore, should be and is

Affirmed.