189 So.2d 776

Jesse **SWICEGOOD**, d/b/a Houston Broadcasters, Radio Station **WDIG**

v.

**CENTURY FACTORS, INC.**

**4 Div. 246.**

Supreme Court of Alabama.

Aug. 25, 1966.

**38**

Don P. Bennett, Dothan, for appellant.

H. K. & J. F. Martin, Dothan, for appellee.

SIMPSON, Justice.

Plaintiff below (appellee) sued the defendant (appellant) on a note for $750.00 due August 14, 1963, executed by defendant payable to Musical Concepts, Inc. The note, one of a series made by defendant, had been purchased by the plaintiff from the payee. The second count of the complaint sued on a check drawn by defendant payable to plaintiff in the amount of $395.00 and not paid. This check had been given by defendant in partial payment of a $750.00 note due April 14, 1963, also purchased by plaintiff from Musical Concepts, Inc.

It was stipulated that Musical Concepts, Inc., was a foreign corporation and not qualified to do business in Alabama at the time defendant gave the notes, one of which was sued on.

Plaintiff put in evidence a letter from it to defendant dated June 15, 1962, informing defendant that his notes had been assigned to plaintiff by Musical Concepts and asked that defendant confirm the account. Defendant responded that "we hereby certify that said notes are valid, that you are a holder in due course thereof, and that there are no offsets of any kind whatsoever to any of said notes".

Defendant based his defense on Title 10, § 21(89):

"*Foreign corporations not qualified to do business in state; contracts or agreements; service on.*—All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; but nothing herein shall abrogate the equitable rule that he who seeks equity must do equity. * * *"

The case was tried to the court without a jury which after taking the matter under submission and after having been furnished with briefs by both sides rendered judgment for plaintiff on each count.

From this judgment defendant has appealed. Eleven assignments of error are assigned but several are not argued and will not be here considered. The gist of appellant's argument is to the effect that the court erred as a matter of law because (1) the notes are void under the aforementioned statute in that Musical Concepts, Inc. was in fact doing business in Alabama but had not qualified to do so with the Secretary of State; and that (2) a negotiable note issuing out of and resting on a contract expressly declared void by statute cannot be enforced even by a bona fide purchaser for value without notice; and (3) the defendant by answering to it does not preclude him from making any defense against the note growing out of the original transaction, unless he also made a new promise to the assignee to pay the note.

■■ If the appellant is wrong in any of these contentions, the judgment appealed from must be affirmed, so we shall therefore write to only the first contention. We agree with the trial court that appellant wholly failed to prove that Musical Concepts Inc., was engaged in doing business in Alabama. His evidence simply is that

Musical Concepts, Inc., was a New York corporation. A sales representative from that company came to defendant (appellant) in Dothan, Alabama, and discussed with him the purchase of 12 radio jingles. Defendant purchased the "package" of jingles, which were later sent to him (or a part of them) from New York. The notes were signed and mailed to New York. The contract was signed in Dothan, subject to being accepted in New York. The only other activity shown is that the salesman went with defendant to call on some Dothan merchants and demonstrated the jingles to them. It has long been settled in Alabama that the question of whether a foreign corporation is doing business within the state is a mixed question of law and fact. And it has further been repeatedly held that "merely soliciting business in this state, the orders to be approved in the office of the foreign corporation and the goods shipped thereon into this state, does not constitute doing business in this state so as to bring the non-qualified foreign corporation under the operation of our statutes and constitution". Marcus v. J. R. Watkins Company, Ala., 188 So. 2d 543;[1] Loudonville Milling Co. v. Davis, 251 Ala. 459, 37 So.2d 659; Gilliland & Echols Farm Sup. & Hatchery v. Credit Equip. Corp., 269 Ala. 190, 112 So.2d 331.

We have carefully read the record before us. The appellant has simply failed to put in evidence to support his contention that Musical Concepts, Inc., was engaged in business in the State of Alabama. The record simply fails to show any indication that the activity of this foreign corporation exceeded the solicitation of orders for radio jingles to be filled in New York and shipped into Alabama. The only other activity involved or shown was demonstrations of the jingles to prospective customers of defendant, appellant. We must agree with the trial court that defendant failed to show facts which would justify the conclusion that the foreign corporation was engaged in the transaction of business within the state so as to render the notes sued on void under Title 10, § 21(89), supra.

This conclusion obviates the necessity of considering other contentions raised by appellant. The judgment appealed from must be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

