ORROX CORPORATION, a corporation, Plaintiff,

v.

REXNORD, INC., a corporation, Defendant.

Civ. A. No. 74–36–E.

United States District Court, M. D. Alabama, E. D.

Feb. 19, 1975.

Champ Lyons, Jr., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for plaintiff.

Harry Cole, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

VARNER, District Judge.

This cause is submitted to the Court on motion of the Defendant for summary judgment by which the Defendant seeks to have the Court determine that certain provisions of a written contract of sale from the Defendant to the Plaintiff are applicable to limit the effect of the sale so as to provide the following:

1. That no warranty of fitness for purpose extended to the Plaintiff by virtue of the contract of sale;

2. That no warranty of merchantability extended to the Plaintiff by virtue of the contract of sale; and

3. That liability of the Defendant, if any, for breach of warranty in the sale of equipment is limited by the contract to the purchase price of the equipment.

The effectiveness of the "conditions of sale" set out in the contract are questionable because they conflict with provisions of the Uniform Commercial Code and because they may be subject to different interpretations depending upon whether the parties are bound by the laws of Kentucky or the laws of Alabama in relation thereto.

In this Court's opinion, no questions of fact remain for the Court in determining these issues, and the trial may be made far more effective and economical by a decision of these issues of law at this time.

The sales agreements by which the Plaintiff purchased the equipment contain the following written provisions:

"The equipment of our manufacturer included in this proposal is warranted in accordance with the attached Conditions of Sale for workmanship and materials. The warranty for purchased items such as rotary feeders, flexible metal bellows, electric and gas heating equipment, controls, etc., will be that extended by the equipment manufacturer. The equipment proposed has been designed for the process in accordance with parameters developed by you, and no process warranty is included.

"We warrant the material and workmanship of the equipment furnished by us to be first class of their kind in every respect, that if properly installed and operated in accordance with our instructions. (sic) The dynamic relations will not exceed those indicated on the approval drawings. If at any time within one year from the date of shipment, it is established that the equipment as initially installed has failed to meet the foregoing warranty, we will furnish free of charge, f. o. b. our plant, replacement parts necessary to make good the warranty or, at our option, make the necessary repairs at the point of installation. No charges for field alterations will be honored unless expressly approved by us at the factory in advance of the commencement of the work. NO OTHER WARRANTY SHALL BE IMPLIED, AND ANY STATUTORY WARRANTIES SHALL BE DEEMED WAIVED. It is expressly agreed that we shall have no liability for consequential damages, such as loss of profit, delays or expenses, whether based on tort or contract, and that our liability shall in no

event exceed the purchase price of the equipment."

The contract also contained a provision that it should be "considered as being made and entered into at Louisville, Kentucky."

Provisions of the Uniform Commercial Code[1] which may be pertinent to the questions arising herein are, in pertinent part, the following:

"§ 1—105. *Territorial Application of the Act; Parties' Power to Choose Applicable Law.* (1) Except as provided hereinafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement this title applies to transactions bearing an appropriate relation to this state."

"§ 2—314. *Implied Warranty: Merchantability; Usage of Trade.* (1) Unless excluded or modified * * *, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

"§ 2—315. *Implied Warranty: Fitness for Particular Purpose.* Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

"§ 2—316. *Exclusion or Modification of Warranties.* (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this Article on parol or extrinsic evidence * * * negation or limitation is inoperative to the extent that such construction is unreasonable.

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'

"(3) Notwithstanding    subsection (2)

"(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; * * *

"(4) Remedies for breach of warranty can be limited in accordance with the provisions of this Article on liquidation or limitation of damages and on contractual modification of remedy (sections 2—718 and 2—719). * * *

"§ 2—719.   *CONTRACTUAL MODIFICATION OR LIMITATION OF REMEDY.* (1) * * * (a) the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and re-

---

1. The U.C.C. has been adopted in both Alabama and Kentucky, but there appears to be some possible difference in construction of the pertinent statutes in Kentucky and Alabama.

placement of non-conforming goods or parts; * * *

"(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.

"(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. * * *."

Under Kentucky construction, the Court should probably place emphasis on § 2—316(3) to the exclusion of Subsection (2) thereof and find that the parties have agreed to a waiver of all statutory warranties, including warranty of merchantability. Cox Motor Car Co. v. Castle, 402 S.W.2d 429 (Ky.1966). The parties have cited no case, and this Court has found none, wherein the Supreme Court of Alabama has decided this question. However, the United States Court of Appeals for the Fifth Circuit has emphasized the provision of § 2—316 of the Uniform Commercial Code and held specifically that:

"To exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous." See S-C Industries v. American Hydroponics System, Inc., 468 F.2d 852 (5th Cir. 1972), construing a Texas statute similar to that of both Kentucky and Alabama.

In the contract in question, while the language is conspicuous, there is no specific mention of merchantability. In the absence of Alabama law, this Court would apply the law proscribed by the Fifth Circuit Court of Appeals, where applicable.

We, therefore, turn to the question of whether the Kentucky law or the Alabama law governs this case under the provisions of the Code of Alabama, Title 7A, § 1-105, to the effect that, unless the parties have agreed that the law of another State governs the transaction, the law of Alabama will apply to transactions bearing an appropriate relationship to this State. There is no question that this transaction bears an appropriate relationship to this State, and the question, then, is whether the parties by their agreement that the contract shall be considered to have been made and entered into in Kentucky have agreed that the law of Kentucky will govern the transactions involved.

The depositions of the Alabamians, Mr. Hard and Mr. Orr, both show that neither had any recollection that there was any agreement between the parties whatsoever to the effect that the law of Kentucky should be binding. More importantly, however, is the wording of the contract that the contract "shall be considered as being made and entered into at Louisville, Kentucky." Did the parties, by this provision, agree that the Kentucky law would be applicable in consideration of the construction of the contract? That provision might have been inserted in the contract for several purposes other than to agree to be bound by the law of Kentucky: (1) To defeat tax liability within the State of Alabama, State v. West Point Wholesale Grocery Co., 284 Ala. 149, 223 So.2d 269; (2) to defeat jurisdiction by Alabama courts of the person of the defendant corporation, Swicegood v. Century Factors, Inc., 280 Ala. 37, 189 So.2d 776; Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968); or (3) to make the buyer more likely to be amenable to suit in Kentucky for the purchase price of the equipment. This Court, therefore, concludes that there was no clear declaration of intention that the parties be bound by the law of Kentucky. This conclusion is in accordance with the annotation construing a choice of law provision at 53 A.L.R.3d 1095, at 1096, in reference to provisions in an insurance policy. This Court further notes that most of the cases wherein it has been found that the parties agreed upon which State's law would be applicable to their contract involve provisions of the contract which specifically provide that the law of a particular State shall govern the rights

and remedies of the parties in any question arising thereunder. In Re Automated Book Binding Services, Inc., 336 F.Supp. 1128 (D.Md.1972); United States Ore Corp. v. Commercial Transport Corp., 369 F.Supp. 792 (E.D.La. 1974); Mell v. Goodbody & Co., 10 Ill. App.3d 809, 295 N.E.2d 97 (1973); Jones & McKnight Corp. v. Birdsboro Corp., 320 F.Supp. 39 (N.D.Ill.1970); Fairfield Lease Corp. v. Pratt, 6 Conn. Cir. 537, 278 A.2d 154. This Court also takes note of a rule of construction providing that contracts should be construed against the scriveners, Radcliff Materials, Inc. v. Stuyvesant Ins. Co., 298 F.Supp. 917 (S.D.Ala.1968); Alabama-Tennessee Natural Gas Co. v. City of Huntsville, 275 Ala. 184, 153 So.2d 619; Penn Mutual Life Ins. Co. v. Fiquett, 229 Ala. 203, 155 So. 702. The contract was prepared on a printed form furnished by the Defendant.

■■ It is the opinion of this Court that the phrase, "shall be considered as made and entered into at Louisville, Kentucky," should not be construed as implying that the parties agreed that the Kentucky law would control construction of this contract and that the Alabama law should, therefore, control. In absence of clear-cut construction of the statute by the Alabama Supreme Court, this Court will follow the law set out by the Fifth Circuit Court of Appeals to the effect that a warranty of merchantability implied in a sales contract by virtue of the Uniform Commercial Code may be excluded or modified only when "merchantability" is specifically mentioned and, if in writing, must contain the waiver in conspicuous language. A general waiver of all implied warranties without mentioning "merchantability" is insufficient in the State of Alabama, in the opinion of this Court, to waive the implied warranty of merchantability.

■ This Court now turns to the question of whether damages for breach of the implied warranty of merchantability may be limited by a provision in the contract without specific reference to merchantability. Turning back to the language of § 2—316(2), we see the words, "to exclude or *modify* the implied warranty of merchantability," (emphasis added) the language must mention merchantability. A state court, in Zicari v. Joseph Harris Co., 33 A.D.2d 17, 304 N. Y.S.2d 918, 923 (1969), concluded that limiting the damages for a breach of warranty was a "modification" of the warranty and, therefore, must conform with the provisions of Subsection 3. No case directly to the contrary has been cited to this Court. However, it appears to the Court that the reasoning applied by the Fifth Circuit Court of Appeals in Wyatt Industries, Inc. v. Publicker Industries, Inc., 420 F.2d 454, while not specifically mentioning the necessity for expressly mentioning "merchantability" in a contractual limitation of damages, held, in construing statutes identical to those here in question, that damages, even for breach of implied warranties of merchantability, may be limited by express contract without specific mention of merchantability. This Court is impressed that, while § 2—316(1), (2), (3) applies to the exclusion or modification of warranties, Subsection (4) is merely a reference to §§ 2—718 and 2—719 which involve limitations in remedies or damages for breach of warranty[2]; that neither §§ 2—718 nor 2—719 contains any provision or requirement for expressly mentioning "merchantability" and that, therefore, the parties, within the contemplation of the wording of § 2—719, "may limit or alter the measure of damages recoverable under this Article * * *," without specific mention of "merchantability." This right is subject to the limitations that the remedy

2. § 2—316 is entitled "Exclusion or Modification of Warranties" while § 2—719 is entitled "Contractual Modification or Limitation of Remedy." The first statute refers to the cause of action; the second, to the remedy. If the first statute were intended to refer to exclusions and limitations to remedies for breach of warranty, there would have been no need for the second statute, § 2—719.

so provided may "not fail of its essential purpose", § 2—719(2), and that consequential damages must not be "unconscionable," § 2—719(3). Limitations of damages as provided by this contract are not unconscionable, nor do they fail in their essential purpose, where the contract of sale involved such close collaboration between buyer and seller in construction and installation of the subject of the sale as is here involved. Accordingly, it is the opinion of this Court that a limitation of damages for breach of an implied warranty of merchantability is not a modification of the warranty and that it may be effected without specific reference to merchantability. The limitation of remedies provided in the contract apply to both the first and third claims.

The parties have agreed that the warranty of fitness was waived so the second claim is ineffective.

Partial summary judgment should, therefore, issue declaring that a cause of action exists for damages as limited by the contract under the first claim and the third claim and that the second claim, that is, the claim for breach of warranty of fitness, be dismissed.