RADCLIFF MATERIALS, INC., Plaintiff,

v.

The STUYVESANT INSURANCE COMPANY, Defendant.

Civ. A. No. 4868–68.

United States District Court
S. D. Alabama, S. D.

Dec. 30, 1968.

Edwin J. Curran, Jr., Mobile, Ala., for plaintiff.

John H. Tappan, Mobile, Ala., for defendant.

## ORDER

PITTMAN, District Judge.

This matter comes before the court on the motion of the defendant herein, The Stuyvesant Insurance Company, pursuant to Rule 56 of the Federal Rules of Civil Procedure, requesting that the court grant Summary Judgment in its favor. This motion was filed on September 3, 1968, and was set for oral hearing on September 20, 1968. After argument of counsel, the motions were taken under submission by the court.

This suit was filed by plaintiff on January 30, 1968, claiming of the defendant $25,000.00 due on a policy of insurance issued November 2, 1966, in which the defendant insured certain property of the plaintiff destined for installation, fabrication, erection, moving, repairing, or renovating at the Asphalt Plant of plaintiff on Cedar Street Extension, Mobile, Alabama. Plaintiff further claims that on January 16, 1967, plaintiff was in the process of installing, repairing or renovating the property insured and that the property (more particularly described as a raw materials hopper) was damaged, and the defendant has had due notice of this damage.

### FINDING OF FACT

It was agreed by the parties at a pretrial hearing September 3, 1968, that a policy of insurance was issued by the defendant to the plaintiff on November 2, 1966; the damage occurred on January 16, 1967; the defendant had had notice; and the policy was in full force and effect on the date the damage was incurred.

The defendant admits in its answer that the insurance policy covered plaintiff's raw materials hopper and that the damage occurred while plaintiff was in the process of repairing or renovating it. The defendant further admits that the policy included in its coverage property destined for installation, fabrication, erection, moving, repairing, or renovating owned by the plaintiff.

Plaintiff, on January 16, 1967, at its place of business, was using a cutting torch on the support leg of a raw materials hopper. A crane and cable were used to furnish support from above the cutting. Two cuts were made in the steel column of the hopper, one about three feet up from the bottom and then another one about a foot below this. A cut was made completely through the eight inch H column on the top and was about through the bottom cut, lacking about one inch, when the hopper began moving. The section cut collapsed in the opposite direction from which he was facing and the entire hopper collapsed down on the cut out section. The hopper fell a good ways and the hoist cable broke.

The dispute arises as to whether plaintiff's property was covered in this particular circumstance, under the terms of the policy. The defendant urges that it was not, relying on Section 5(b) of the original contract under PERILS EXCLUDED:

"5. This policy does not insure against loss or damage caused: (b) By mechanical or electrical breakdown, short circuit or other electrical disturbance, repairing, adjusting, servicing or maintenance operation unless fire or explosion ensues and then only for the loss or damage by such ensuing fire or explosion;"

The defendant is careful to point out that there is no allegation made by plaintiff that fire or explosion did ensue. It must be noted that the policy upon which defendant relies was amended by a supplemental policy styled ENDORSEMENT, and that this amendment was attached to and made a part of the original, being made effective October 18, 1966. The ENDORSEMENT specifically covers repairing and renovating; the applicable portion is set out as follows:

"I. This policy insures property, destined for installation, fabrication, erection, moving, repairing or renovating; owned by the Assured or by others to the extent of the assured's liability

therefore consisting of AS-PHALT MACHINERY.

on premises or site where work is to be performed * * * until accepted as satisfactory or the interest of the assured ceases * * *."

This ENDORSEMENT was executed in consideration of an additional premium of $440.00. In consideration of the additional premium paid for the additional coverage of the supplemental policy and because of its explicit provisions, as set out above, it is the opinion of the court that the supplemental policy provides insurance for damage occurring "repairing or renovating", notwithstanding no fire or explosion ensued, and that the policy as amended covers the damage as alleged by plaintiff. The court's opinion follows the legal principle that any ambiguity in the language of a contract shall be construed more strongly against the party preparing the contract. W. C. Shepherd Co. v. Royal Indemnity Co., 192 F.2d 710, 5th Cir., 1951.

Therefore, it is the order, judgment, and decree of this court that defendant's motion for Summary Judgment is hereby denied.